Sukhwinder SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73445.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 26, 2006.*

Filed Jan. 23, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Todd W. Gleason, Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM **

Sukhwinder Singh (Singh), a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the adverse credibility finding under the substantial evidence standard and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition.

Substantial evidence supports the adverse credibility determination. Singh's testimony regarding material events, specifically the disappearance and death of his brother, lacked specificity and internal consistency. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999). Additionally, Singh could not explain adequately the origin of his brother's death certificate or explain why a police stamp appeared on the death certificate supposedly issued by a hospital. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004) (evidence supported questioning the genuineness of documents that went to the heart of the asylum claim). Also, Singh claimed that he contacted a human rights attorney to investigate his brother's disappearance, but he could not give an address or any documentation from the attorney regarding the investigation, and his explanation for his inability to obtain corroboration was vague and implausible. *See Unuakhaulu v. Gonzales,* 416 F.3d 931, 938 (9th Cir.2005) (no adequate explanation why corroborating documents could not be obtained).

Because Singh failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1097 (9th Cir. 2005). Singh has also failed to meet the standard for CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003); *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.